UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER WILLIAM HARRIS,<br><br>Plaintiff(s),<br><br>v.<br><br>AMERICAN BEHAVIORAL HEALTH SYSTEM, et al.,<br><br>Defendant(s). | CASE NO. C23-0989-KKE<br><br>ORDER |

This matter comes before the Court on Plaintiff Christopher William Harris's motions for extension of time, motion to appoint counsel, and request to attempt a settlement resolution. Dkt. Nos. 9, 17, 19, and 22. These motions are denied for the following reasons.

Mr. Harris, proceeding *pro se*, filed a complaint alleging that Defendants violated his civil rights by disclosing his confidential and protected medical information and/or by relying on that information to request modification of his bond in an unrelated criminal proceeding. *See* Dkt. No. 7.

Mr. Harris subsequently requested extensions of time on two occasions (Dkt. Nos. 9, 17), but these motions are denied because no particular deadline is identified in them. Mr. Harris's motion to attempt a settlement resolution (Dkt. No. 22) is also denied. Mr. Harris may negotiate with Defendants, but the Court will not facilitate those negotiations at this time.

ORDER - 1

The Court now turns to consider Mr. Harris's motion for appointment of counsel. Dkt. No. 19. Generally, no constitutional right to appointed counsel exists in civil actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In "exceptional circumstances," however, a district court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *See, e.g., Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (cleaned up).

In Mr. Harris's motion to appoint counsel, he contends that he is at a disadvantage in pursuing this case due to his lack of education and resources. Dkt. No. 19. The Court has no reason to question those assertions, but finds them inadequate to establish exceptional circumstances for purposes of resolving Mr. Harris's motion to appoint counsel. Mr. Harris has not shown, nor does the Court find, that this case involves complex facts or law. Mr. Harris has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court, nor has he shown he is likely to succeed on the merits of this case. As such, the Court finds that Mr. Harris has failed to show the appointment of counsel is appropriate at this time.

For all of these reasons, the Court DENIES Mr. Harris's motions. Dkt. Nos. 9, 17, 19, and 22.

Dated this 3rd day of October, 2023.

Kymberly K. Evanson
United States District Judge

ORDER - 2