UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER WILLIAM HARRIS, | CASE NO. C23-0989-KKE |
| Plaintiff(s), | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS |
| v. | |
| AMERICAN BEHAVIORAL HEALTH SYSTEM, et al., | |
| Defendant(s). | |

This matter comes before the Court on Defendants' motion to dismiss and Plaintiff's miscellaneous motions. Dkt. Nos. 25, 38, 39, 40, 41, 46, 47, 48. After reviewing the parties' briefing and the balance of the record, the Court grants Defendants' motion (Dkt. No. 25) and denies Plaintiff's motions (Dkt. Nos. 38, 39, 40, 41, 46, 47, 48).

## I.   BACKGROUND

Plaintiff Christopher William Harris entered a substance abuse treatment program at Defendant American Behavioral Health System ("ABHS") on May 15, 2023. Dkt. No. 7 at 10. Harris signed an information release permitting ABHS to contact Harris's supervising officer or any other supervising agent of the court if he left the treatment program before completion. *Id*. The release identifies United States Probation Officer Lisa Combs as Harris's supervising officer. *Id*.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS - 1

1   Harris received a letter from ABHS on June 5, 2023, notifying him that a disclosure of his
2   health information, which constituted "a potential violation of [federal regulations,] occurred[.]"
3   Dkt. No. 7 at 12.  The potential violation consisted of a phone call from Defendant Jessica Donyes
4   (an ABHS employee) to Officer Combs requesting "collateral information" (*id*.) as well as emails
5   from Donyes to Officer Combs providing "an update and progress on [Harris]." *Id*.  Harris was
6   released from ABHS on June 7, 2023.  Dkt. No. 7 at 9.

   On June 22, 2023, Harris appeared before U.S. Magistrate Judge Brian Tsuchida for an
   evidentiary hearing in a criminal proceeding unrelated to this case (hereinafter "the criminal
   case").[1]  *See U.S. v. Harris*, No. 23-cr-0019-RAJ (W.D. Wash. June 22, 2023), Dkt. No. 36.
   Apparently, at that hearing, the information disclosed by Donyes to Officer Combs was read aloud,
   and Judge Tsuchida subsequently modified the terms of Harris's bond.  *See* Dkt. No. 7 at 8.

   Harris filed this action in July 2023, alleging four causes of action against ABHS and
   Donyes: (1) violation of Health Insurance Portability and Accountability Act ("HIPAA"); (2)
   negligence; (3) breach of contract; and (4) defamation.  Dkt. No. 7.  Harris sought $75,000 in
   damages per "person sep[a]rate" and dismissal of the charges in the criminal case.  *Id*. at 8.
   Defendants[2] filed a motion to dismiss in October 2023, contending that Donyes should be
   dismissed because Harris failed to serve her within 90 days, and that, in the alternative, Harris's
   complaint should be dismissed because he has failed to state claims upon which relief may be
   granted.  Dkt. No. 25.

   //

---

[1] The Court takes judicial notice that Harris was a defendant in a criminal case in this district, *United States v. Harris*, No. 23-cr-0019-RAJ (W.D. Wash.).  *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue" (cleaned up)).

[2] Although Harris's complaint also lists "Prosecuting Attorney" and Combs as defendants, the record shows that he served only ABHS.  *See* Dkt. No. 7 at 7, Dkt. No. 13.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS - 2

## II.     ANALYSIS

**A.     Harris has Failed to State Claims Upon Which Relief may be Granted.**

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) should be granted if "'the facts alleged in the complaint, taken as true, [do not] entitle the plaintiff to a legal remedy.'" *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341 CRB, 2011 WL 6140912, at *3 (N.C. Cal. Dec. 9, 2011)).

With these standards in mind, the Court considers the sufficiency of Harris's allegations as to each claim referenced in his complaint.

   1.     *HIPAA*

HIPAA generally prohibits the disclosure of an individual's protected health information unless authorized by the individual. *See U.S. v. Elliott*, 676 F. Supp. 2d 431, 437 (D. Md. 2009). HIPAA does not, however, provide a private right of action if an unauthorized disclosure occurs. *See Grant v. Alperovich*, 993 F. Supp. 2d 1356, 1366 (W.D. Wash. 2014) (citing *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007)).

Harris alleges that Defendants violated his right to the privacy of his medical records under HIPAA by disclosing information related to his treatment and care to his probation officer, inconsistent with the information release he signed. *See* Dkt. No. 7 at 8–11. Specifically, Harris alleges that Defendants violated HIPAA in disclosing to his probation officer statements Harris made to his provider regarding his drug use as well as the reason why he was seeking treatment. *Id*.

Defendants argue that, assuming that the alleged disclosures occurred, and even if those disclosures contravened HIPAA, because HIPAA does not authorize a private right of action, Harris's claim fails. Dkt. No. 25 at 7. Defendants further contend that to the extent Harris characterizes the alleged HIPAA violation as a violation of his civil rights, the alleged disclosure

was not "shocking, degrading, egregious, humiliating, or flagrant" and therefore fails to violate Harris's civil rights. *Id.* at 8.

Neither of Harris's responses to Defendants' motion to dismiss address the legal support for his HIPAA claim. *See* Dkt. Nos. 31, 35. Because HIPAA does not authorize a private right of action, and because the alleged HIPAA violation is not sufficiently egregious to infringe upon Harris's civil rights, the Court grants Defendants' motion to dismiss this claim. *See Dalessio v. Univ. of Wash.*, No. C17-642 MJP, 2019 WL 2409607, at *4 (W.D. Wash. June 7, 2019), *aff'd*, 816 F. App'x 121 (9th Cir. 2020).

2.  *Negligence*

Harris alleges that the Defendants negligently disclosed his private medical information to his probation officer, who discussed the information with the prosecutor in the criminal case. *See* Dkt. No. 7 at 20.

Defendants argue that Harris has failed to plead facts necessary to establish all of the elements of a negligence claim. Dkt. No. 25 at 8–9. A plaintiff must establish four elements to state a claim for negligence: (1) the defendant owes plaintiff a duty, (2) the defendant breached that duty, (3) plaintiff was injured, and (4) the breach was the proximate cause of the injury. *Ranger Ins. Co. v. Pierce Cty.*, 192 P.3d 886, 889 (Wash. 2008). Defendants contend that, even assuming Harris has alleged that the first two elements are met, he has not alleged any facts connecting the disclosure of his medical information with any particular outcome in the criminal case. Dkt. No. 25 at 8–9. Defendants emphasize (*id.*) that Harris was found to have violated the terms of his bond conditions, and that his violations are unrelated to Defendants' disclosure of Harris's medical information. *See* Dkt. No. 7 at 9.

Neither of Harris's responses to Defendants' motion to dismiss address the causation element of his negligence claim or otherwise identify a connection between the disclosure and an

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS - 4

injury. *See* Dkt. Nos. 31, 35. Because Harris has failed to plead facts to support his negligence claim, the Court grants Defendants' motion to dismiss it.

3. *Breach of Contract*

Harris alleges that Defendants breached the information release he signed by disclosing his medical information to his probation officer. Dkt. No. 7 at 8. A plaintiff must establish three elements to state a claim for breach of contract: (1) a contract between plaintiff and defendant imposed a duty, (2) the defendant breached that duty, and (3) the breach was the proximate cause of injury to plaintiff. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995). Defendants contend that even assuming Harris has alleged that the first two elements are met, he has not alleged any facts connecting the disclosure of his medical information with an injury. Dkt. No. 25 at 9–10.

The Court agrees. As explained above with respect to the negligence claim, neither Harris's complaint nor his responses to Defendants' motion to dismiss identifies a connection between the disclosure of his medical information and an injury of any kind. Dkt. Nos. 7, 31, 35. Because Harris has failed to plead facts to support his claim for breach of contract, the Court grants Defendants' motion to dismiss the claim.

4. *Defamation*

Harris alleges that Donyes defamed and slandered him by disclosing his medical information directly to his probation officer and indirectly to the prosecutor in the criminal case. Dkt. No. 7 at 8. A defamation claim must be premised on a statement that is provably false and must result in damages. *Schmalenberg v. Tacoma News, Inc.*, 943 P.2d 350, 356–57 (Wash. Ct. App. 1997). A statement that expresses an opinion is not provably false, and plaintiff bears the burden of proving falsity. *Id.*

Defendants contend that Harris's defamation claim is premised on statements — namely Donyes's representation that Harris was in denial about his drug use and "butting heads" with her, that he had lied about whether he had been court-ordered to participate in treatment, and whether he admitted to a counselor that he had pointed lasers at airplanes (the charge at issue in the criminal case) — that are not provably false. Dkt. No. 25 at 10–11. Whether Harris was in denial about his drug use or was "butting heads" with his counselor is merely a statement of Donyes's opinion and thus cannot form the basis of a defamation claim. *Schmalenberg*, 943 P.2d at 357. As to the reasons why Harris sought treatment, Harris believes that because he "self-admitted" to treatment at ABHS, his treatment was not court-ordered. *See* Dkt. No. 31 at 1–2. But the probation report excerpted in Harris's complaint indicates that he sought treatment at ABHS because his probation officer instructed him to participate in treatment. *See* Dkt. No. 7 at 9.

Furthermore, even if Harris could prove that he did not admit to his counselor that he pointed lasers at airplanes, or could prove that the counselor mischaracterized his attitude or any of the other statements at issue, Harris has failed to allege facts indicating that these statements caused the damage he complains of. Rather, according to the excerpt of the probation report attached to the complaint (Dkt. No. 7 at 9), Harris's bond was modified due to his repeated violations of the conditions of his bond, rather than any of Defendants' disclosures of private information. The physical and emotional hardships that Harris alleges resulted from those modifications (*e.g.*, Dkt. No. 30 at 4; Dkt. No. 37 at 3) cannot be attributed to Defendants' disclosures if those disclosures did not result in the modifications of his bond conditions.[3] *See,*

---

[3] The Court takes judicial notice of the public docket of the criminal case, which indicates that at the hearing where Defendants' disclosures were read, Harris admitted certain violations of his bond conditions, and that the modification of his bond conditions was based on those admissions. *See U.S. v. Harris*, No. 23-cr-0019-RAJ (W.D. Wash. June 22, 2023), Dkt. No. 36. The Court's judicial notice is limited to the docket entry summarizing the evidentiary hearing that culminated in the modification of the bond proceedings because that summary is not subject to dispute as to its authenticity. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) ("On a Rule

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS - 6

*e.g.*, Dkt. No. 30 at 2–5. Without an alleged causal link between the allegedly false statements and the element of damages, Harris has failed to plead all of the required elements of a defamation claim. *See Schmalenberg*, 943 P.2d at 363–64 (explaining that proximate cause is an element of defamation in Washington).

Because Harris has failed to plead facts to support his defamation claim, the Court grants Defendants' motion to dismiss it.

**B.    Harris's Proposed Amendments Do Not Cure the Deficiencies in his Complaint.**

After Defendants filed their motion to dismiss, Harris filed multiple motions to amend his complaint to add defendants and claims for constitutional violations, and to request additional damages. *See* Dkt. Nos. 38–39.

Although the motions for leave to amend attempt to add claims for constitutional violations based on the same conduct referenced in the original complaint, Harris has not identified a constitutional right that has been violated by the conduct of current Defendants or those he seeks to add as defendants. Dkt. Nos. 38–39. Nor do any of the proposed amendments cure the deficiencies identified in the previous section, because they are premised on claims that cannot be sustained. *Id*. Because amendment would therefore be futile, the Court denies Harris's motions for leave to amend his complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility alone can justify the denial of a motion for leave to amend.").

//

//

---

12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." (cleaned up)).

The Court also takes judicial notice of Harris's subsequent guilty plea in the criminal case (*U.S. v. Harris*, No. 23-cr-0019-RAJ (W.D. Wash. Oct. 25, 2023), Dkt. No. 57), which further indicates that even if Defendants falsely stated that Harris admitted to a counselor that he pointed lasers at airplanes, that report was not the cause of any harm to Harris that would not have occurred for other reasons.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS - 7

**C.      Harris's Motion to Transfer Venue is Denied.**

Harris filed a motion to transfer venue to the Tacoma division of the Western District of Washington, suggesting that it would be inappropriate to have his case heard in this Court (in the Seattle division) because of a potential conflict of interest stemming from the proximity of the Court to the proceedings in the criminal case and individuals referenced in Harris's complaint, including Harris's probation officer.  Dkt. No. 40.  Harris additionally argued that this Court's denial of various motions Harris has filed in this matter further demonstrates bias against him that warrants transfer of this case out of Seattle.  Dkt. No. 50.

Harris has not shown that venue is inappropriate in Seattle under the assignment rules of this district, however.  *See* Local Civil Rule 3(d) & (e).  Nor has Harris shown that a transfer to Tacoma would address the proximity concerns, given that the Seattle and Tacoma divisions of this Court work together in the same district.  Finally, while the Court is sympathetic to the difficulties faced by *pro se* litigants, the Court cannot grant Harris relief where the law does not provide it.  Specifically, Harris's prior motions sought relief unavailable under the Federal Rules of Civil Procedure or other applicable law.  *See* Dkt. Nos. 24, 43.  As such, the Court's disposition of Harris's motions to date does not provide a basis on which to transfer this case to the Tacoma division.  Accordingly, Harris's motion to transfer venue is denied.

**D.      Harris's Miscellaneous Motions are Denied.**

Because the Court finds that Harris's claims should be dismissed, Harris's other motions for discovery, subpoenas, summary judgment, declaratory relief and information regarding defense counsel are unwarranted and therefore denied.

//

//

//

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS - 8

### III. CONCLUSION

For these reasons, the Court DENIES Plaintiff's motions (Dkt. No. 38, 39, 40, 41, 46, 47, 48) and GRANTS Defendants' motion to dismiss. Dkt. No. 25. The clerk is directed to administratively close this case.

Dated this 5th day of January, 2024.

*[signature]*

Kymberly K. Evanson
United States District Judge